IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
    Petitioner, :
: CIVIL NO. 3:CV-14-1413
    v. :
: (Judge Conaboy)
ACTING WARDEN HOLTZAPPLE, :
:
    Respondent. :

FILED
SCRANTON
AUG 0 4 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

### Background

This **pro se** petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Brown has also filed an **in forma pauperis** application. See Doc. 2. Petitioner will be granted temporary leave to proceed **in forma pauperis** for the sole purpose of the filing of this action. However, Brown's habeas corpus petition will be dismissed without prejudice.

Named as Respondent is USP-Lewisburg Acting Warden Scott Holtzapple. Brown, a frequent **pro se** litigant before this Court, is presently serving a term of incarceration imposed by the United States District Court for the Western District of Tennessee. However, Petitioner's pending action does not challenge the legality of either his underlying criminal

1

conviction or sentence.[1] Rather, Brown alleges that he is entitled to federal habeas corpus relief because he has been subjected to prolonged confinement in the prison's Special Management Unit (SMU) in violation of Bureau of Prison (BOP) policy.

Specifically, Petitioner asserts that his SMU detention at USP-Lewisburg was improperly extended three times, December 1, 2011; June 25, 2012; and May 17, 2013. See Doc. 1, ¶ 2. Brown adds that correctional officials have manipulated and lied to him when he sought administrative relief. As a result of his allegedly excessive SMU confinement which has now lasted approximately 2 ½ years, Petitioner vaguely contends that he is being deprived of the opportunity to obtain all possible good time credits and seek lower classification.[2]

---

[1] Brown previously filed multiple unsuccessful § 2241 petitions in this district which challenged the legality of his conviction in the Western District of Tennessee.

[2] 18 U.S.C. § 3624(b) provides:
> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

It is also alleged that the prolonged isolated confinement aggravated Brown's mental illness. Furthermore, Brown indicates that because he engaged in disruptive conduct while in the SMU, he should have been designated as an SMU failure and transferred to another facility rather than being extended in the SMU. There is no discernible contention by Brown that his SMU placement resulted in any actual loss of good time credits or otherwise extended the length of his confinement. Rather, Brown indicates that his extended SMU stay prevented him from obtaining good time credits.[3]

As relief, Brown seeks the following: a transfer to a safer correctional facility; medical and mental health evaluations; issuance of subpoenas; the scheduling of an evidentiary hearing; and a proper investigation into his allegations by the Department of Justice.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules

---

[3] Petitioner does not address whether his admitted disruptive conduct while in the SMU was the cause of any inability to obtain good time credits.

Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

4

In <u>Suggs v. Bureau of Prisons</u>, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in <u>Woodall</u> that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." <u>Hairston v. Grondolsky</u>, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

It is the BOP, not courts, which determines whether federal inmates should receive good time credits. <u>United States v. Evans</u>, 1 F.3d 654 (7th Cir. 1993). The United States Court of Appeals for the Third Circuit has concluded that the BOP's method of computing good time credits is neither arbitrary, capricious nor manifestly contrary to the statute. <u>See</u> <u>O'Donald v. Johns</u>, 402 F.3d 172, 174 (3d Cir. 2005).

More importantly, in <u>Cardona v. Bledsoe</u>, 681 F.3d 533 (3d Cir. June 19, 2012) the Court of Appeals for the Third Circuit addressed a § 2241 petition which similarly alleged that the federal inmate had been illegally referred to the SMU. The Court of Appeals stated that "Cardona's claims do not concern the execution of his sentence because the BOP's conduct is not inconsistent with his sentencing judgment." <u>Id</u>. at p. 537. Moreover, the Court of appeals added that such contentions are not properly raised in a habeas petition since granting the

5

petition would not necessarily result in a change to the duration of the inmate's sentence.

Based upon a review of the petition, Brown does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. There is no indication whatsoever by Brown that the alleged violations of his constitutional rights included a loss of good time credits or otherwise extend the length of his confinement.

Like the scenario addressed by the Court of Appeals in Cardona, Brown is simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather, based on Petitioner's contentions and the relief sought, he is alleging that he was improperly subjected to prolonged SMU placement by USP-Lewisburg officials which negatively impacted his health and that prison officials interfered with his attempts to obtain administrative relief. Moreover, under the standards announced in Cardona, and Shelton, Petitioner's vague claim that he is being denied opportunity to obtain good time credit cannot be pursed in a federal habeas corpus action.

Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Brown's incarceration. See Shelton v. Thomas, 537 Fed. Appx. 63, (3d Cir. Sept. 24, 2013)(claim of being held in SMU longer than permitted by federal law does not sound in habeas corpus).

6

Since Brown's petition concerns the conditions of his confinement, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

   Consequently, the petition will be denied as meritless without prejudice to any right Brown may have to reassert his present claims of constitutional misconduct by USP-Lewisburg officials in a properly filed civil rights complaint.[4] An appropriate Order will enter.

                             _____
                             RICHARD P. CONABOY
                             United States District Judge

DATED: AUGUST 4th, 2014

---

[4] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Brown may file based upon the facts asserted herein.

7